**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| LAWRENCE MARANO, | : | |
| | : | Case No: |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMAND |
| CB SPORTS LLC F/D/B/A CROSSING | : | |
| BROAD AND KEVIN KINKEAD, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**COMPLAINT**

Plaintiff Lawrence Marano ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant CB Sports LLC f/d/b/a Crossing Broad ("*Crossing Broad*"), and Kevin Kinkead ("*Kinkead*"), (collectively the "*Defendants*") states and alleges as follows:

**INTRODUCTION**

1.      This action seeks to recover damages for copyright Infringements under the Copyright Act, 17 U.S.C. §101 *et seq*.

2.      Plaintiff created a photograph of musician Eddie Van Halen (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3.      Upon information and belief at all relevant time herein, Defendant Crossing Broad owned and/or operated a website at www.crossingbroad.com (the "*Website*").

4.      Kinkead is a writer, editor, producer, photographer, multi-platform content creator, and the self-described "Senior Managing Editor" for the Website.

5.      Defendants, without permission or authorization from Plaintiff, actively copied and/or displayed the Photograph on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

1

**PARTIES**

6.    Plaintiff Lawrence Marano is an individual who is a citizen of the State of Florida and maintains a principal place of business in Broward County, Florida.

7.    Upon information and belief, Kinkead is an individual who is a citizen of the state of Pennsylvania and who resides in Montgomery County, Pennsylvania.

8.    Upon information and belief, Crossing Broad, is a Pennsylvania company with a principal place of business in Dublin, Bucks County, Pennsylvania.

**JURISDICTION AND VENUE**

9.    This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

10.    This Court has personal jurisdiction over Kinkead because he is domiciled in Pennsylvania.

11.    This Court has personal jurisdiction over Crossing Broad because it maintains its principal place of business in Pennsylvania.

12.    Venue is proper under 28 U.S.C. §1391(b)(2) because Defendants reside or do business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

**FACTS COMMON TO ALL CLAIMS**

A.    **Plaintiff's Copyright Ownership**

13.    Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

14.    Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

15.    Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

16.    Plaintiff's photographs are original, creative works in which Plaintiff owns

protectable copyright interests.

17.    On January 2, 1986, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

18.    In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

19.    On March 9, 2019, the Photograph was registered by the USCO under Registration No. VA 2-142-049.

20.    Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.    Defendant's Infringing Activity**

21.    Upon information and belief, at all relevant times hereto Crossing Broad was the registered owner and/or operator of the Website.

22.    Upon information and belief, at all relevant times hereto Crossing Broad was the operator of the Website.

23.    At all relevant times hereto Defendant Kinkead was and is the Senior Managing Editor for the Website and frequently posts content to the Website.

24.    At all relevant times hereto Defendants collectively were responsible for the Website's content.

25.    The Website is a key component of Defendants' popular and lucrative commercial enterprise.

26.    The Website is monetized in that it contains paid advertisements and, upon information and belief, Defendants profit from these activities.

27.    The Website is monetized in that it promotes Defendants' sport betting services to the public and, upon information and belief, Defendants profit from these activities.

28.    On or about October 6, 2020, without permission or authorization from Plaintiff, Defendants volitionally copied and/or displayed the Photograph on the Website as part of an on-

3

line story at URL https://www.crossingbroad.com/2020/10/rip-eddie-van-halen.html (the "*Infringement*"). A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

29.    The Photograph was intentionally and volitionally copied and stored by Defendants at URL: https://www.crossingbroad.com/wp-content/uploads/2020/10/Eddie-Van-Halen.jpg.webp.

30.    The Infringement is an exact copy of the vast majority of Plaintiff's original image that was directly copied and displayed by Defendants.

31.    The Infringement was first observed on May 15, 2023.

32.    Upon information and belief, Plaintiff's Photograph was copied and displayed by Defendants without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph.

33.    The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific Infringements.

34.    Upon information and belief, Defendants take an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and displaying images including but not limited to Plaintiff's Photographs.

35.    Upon information and belief, Crossing Broad  directly contributes to the content posted on the Website, by *inter alia*, directly employing reporters, authors and editors as its agents, including but not limited to Kinkead who is listed as Senior Managing Editor, for the  Website (the "*Employees*").

36.    Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringement.

37.    Upon information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringement.

4

38.     Upon information and belief, the Photograph was willfully and volitionally posted to the Website by Defendant.

39.     Upon information and belief, Defendants were aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendants cannot claim that they were not aware of the infringing activities, including the specific Infringement which forms the basis of this complaint, since such a claim would amount to only willful blindness on the part of Defendants.

40.     Upon information and belief, Defendants engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

41.     Upon information and belief, Defendants had complete control over and actively reviewed and monitored the content posted on the Website

42.     Upon information and belief, Defendants have the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

43.     Upon information and belief, Defendants have received a financial benefit directly attributable to the Infringement.

44.     Upon information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendants to realize an increase in their advertising and/or service revenues.

45.     Upon information and belief, a large number of people have viewed the unlawful copy of the Photograph on the Website

46.     Upon information and belief, Defendants at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

47.     Defendants' use of the Photograph harmed the actual market for the Photograph.

48.     Defendants' use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

49.     On or about July 12, 2023, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning the infringement of Plaintiff's rights-protected work.

50.    Despite Plaintiff's efforts and willingness to address Defendants' infringing activity, the parties failed to resolve the instant matter and Plaintiff was forced to seek judicial intervention for Defendants' infringing activity.

51.    As a result of Defendants' misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

52.    Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

53.    The Photograph is  an original, creative works in which Plaintiff owns a valid copyright.

54.    The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

55.    Plaintiff has not granted Crossing Broad a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Crossing Broad .

56.    Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Crossing Broad  improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

57.    Crossing Broad 's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

58.    Upon information and belief, Crossing Broad  willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Crossing Broad  used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

59.    As a result of Crossing Broad 's violations of Title 17 of the U.S. Code, Plaintiff is

6

entitled to an award of actual damages and disgorgement of all of Crossing Broad 's profits attributable to the Infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages Crossing Broad for each infringement pursuant to 17 U.S.C. § 504(c).

60.     As a result of the Crossing Broad 's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Crossing Broad .

61.     As a result of Crossing Broad 's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## SECOND COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

62.     Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

63.     The Photograph is  an original, creative works in which Plaintiff owns a valid copyright.

64.     The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

65.     Plaintiff has not granted Kinkead a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Kinkead.

66.     Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Kinkead improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

67.     Kinkead's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

7

68.    Upon information and belief, Kinkead willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Kinkead used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

69.    As a result of Kinkead's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Kinkead's profits attributable to the Infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Kinkead for each infringement pursuant to 17 U.S.C. § 504(c).

70.    As a result of the Kinkead's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Kinkead.

71.    As a result of Kinkead's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

### THIRD COUNT
#### (Vicarious Copyright Infringement)

72.    Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

73.    Upon information and belief, at all material times hereto, Defendant Crossing Broad had the right and ability to supervise and/or control the infringing conduct of its employees, agents, affiliates, vendors and/or members, including but not limited to Kinkead and declined to exercise the right and ability to supervise or control that infringing conduct, despite its legal right to stop or limit the directly infringing conduct as well as the practicable ability to do so.

74.    As a direct and proximate result of such refusals to exercise its right to stop or limit the infringing conduct, Crossing Broad continued to infringe upon Plaintiff's Photograph, which in turn generated profit for Crossing Broad directly from the use of the Infringement.

75.    Crossing Broad enjoyed a direct financial benefit from the Infringement from *inter*

*alia*, advertising revenue from the increased traffic to the Website.

76.    Upon information and belief, Crossing Broad  enjoyed a directed financial benefit from using the appeal or "draw" of Plaintiff's Photograph to increase user traffic to the Website, thereby increasing advertising and/or service revenue.

77.    Crossing Broad   is liable as a vicarious infringer since it profited from the Infringement while declining to exercise a right to stop or limit it.

78.    Upon information and belief, Crossing Broad  willfully vicariously infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code.

79.    As a result of Crossing Broad 's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Crossing Broad 's profits attributable to the Infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Crossing Broad for each work infringed pursuant to 17 U.S.C. § 504(c).

80.    As a result of the Crossing Broad 's violations of Title 17 of the U.S. Code, the Court in its discretion may award Plaintiff the recovery of its reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505.

81.    As a result of Crossing Broad 's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyrights pursuant to 17 U.S.C. § 502.

## JURY DEMAND

82.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendants have infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a.    finding that Defendants infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

9

b. for an award of actual damages and disgorgement of all of Defendants' profits attributable to the Infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendants pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: May 14, 2026

**SANDERS LAW GROUP**

By: _/s/ Renee Aragona_

Renee Aragona, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: raragona@sanderslaw.group
File No.: 128025

_Attorneys for Plaintiff_